RECEIVED
JUL 2 1 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DAVID G. BAKER, M.D. | CIVIL ACTION NUMBER: 6:09CV0902 |
| VERSUS | JUDGE DOHERTY |
| MONARCH LIFE INSURANCE CO. | MAGISTRATE JUDGE HILL |

### RULING ON APPEAL

Currently pending before the Court is an Appeal of a discovery order, filed by defendant Monarch Life Insurance, Co. [Doc. 31] By way of the appeal, defendant urges this Court to overturn the Magistrate Judge's discovery Order "to the extent it denies Monarch Life discovery of Dr. Baker's post-disability income. . . ." [Doc. 31, p.24] Defendant further seeks an Order from this Court "compelling Dr. Baker to fully respond to Monarch Life's requests for production nos. 34, 35, and 36 (income statements, financial statements, and profit and loss statements for Lafayette Heart Clinic and David Baker APMC); 37 (federal income tax returns for Dr. Baker's companies); and 38 and 39 (Dr. Baker's federal income tax returns with W-2s, 1099s and K-1s)." [Doc. 31, pp. 24-5]

Defendant first argues because plaintiff did not timely respond to defendant's requests for production nos. 34-39[1], his late-filed objections to those discovery requests are waived pursuant to the Federal Rules of Civil Procedure. [Doc. 31, pp. 6-9] Defendant further argues because "there is no evidence to support a finding that the responses were timely, ... the [Magistrate Judge's] Order is therefore clearly erroneous . . . ." [Doc. 31, p.8]

---

[1]The specific discovery requests are set forth in Doc. No. 21-4, pp. 20-22.

1

With regard to defendant's argument that plaintiff has waived any objections to the discovery requests by failing to timely submit responses to same, plaintiff responded to the court below as follows:

> Dr. Baker's undersigned counsel advised Monarch Life Insurance Company's counsel that he needed additional time to respond to the discovery in light of his other scheduling demands. Monarch's attorneys did not object to the time extension. To suggest to the Court that there was no communication between counsel is inexplicable. However, for the Court's benefit, Dr. Baker's counsel will be guided that he should not accept any telephone assurances from Monarch's attorneys from this point forward in light of these representations to the Court.
>
> The Court possesses broad discretion to control discovery and is empowered to make any orders that justice requires. Jurisprudence also establishes that, while untimely discovery answers may waive most objections, privileges and statutory privacy interests continue to be respect [sic]. On matters of privilege, courts would generally allow privileges to be maintained despite late responses.
>
> In *Stevens v. Omega Protein, Inc.*, 2002 U.S. Dist. LEXIS 9657; 00-3326 (E.D. La. 5/15/2002), the court refused to impose waiver of privileges and statutory privacy interests, even if a party is deemed to have filed late discovery responses. Dr. Baker does not agree that his discovery responses were untimely, when informal extensions were granted.

[Doc. 24, pp. 7-8]

In its reply memorandum to the court below, as well as in its appeal to this Court, defendant argues it never agreed to any extension of time to respond to discovery, as plaintiff never made any such request. It has supported this argument with the affidavits of the three attorneys representing it in this matter, all of whom attest no request for an extension was ever made, and thus no agreement in that regard was ever reached. Counsel further set forth in their affidavits the efforts they made to obtain the discovery from plaintiff prior to the filing of the motion to compel. Defense counsel has additionally provided copies of correspondence to plaintiff's counsel, wherein they note the discovery responses are past due and ask plaintiff to provide responses thereto. Defendant notes, "Tellingly, even after Monarch Life's counsel sent a draft of its motion to compel to Dr. Baker's

"Tellingly, even after Monarch Life's counsel sent a draft of its motion to compel to Dr. Baker's counsel, Dr. Baker's counsel did not bother to write back or object that the motion was incorrect because Monarch Life had agreed to an extension." [Doc. 28, pp. 1-2] Defendant further argues the deadlines for discovery responses apply regardless of whether or not plaintiff asserts the responses are privileged. [Id. at 2] Finally, defendant notes, "Dr. Baker has not even attempted to show good cause for any of his untimely objections, leaving the Court no basis to excuse them." [Id.]

In its written order addressing defendant's motion to compel, the Magistrate Judge disposes of defendant's waiver argument, stating as follows: "Under the circumstances presented, the undersigned finds that Dr. Baker has not waived his right to object to the defendant's discovery." [Doc. 30, p.1] No other information is provided.

As there appears to be no evidence in the record supporting plaintiff's argument that he and defense counsel reached an agreement to extend the deadline for discovery responses, as it does not appear plaintiff has argued good cause exists for his failure to timely respond, as there appears to be no transcript of the hearing held by the Magistrate Judge on the motion to compel, and because the Magistrate Judge's Order contains no findings of fact upon which this Court could make a determination as to whether good cause, excusable neglect, or other exception might apply, this Court is unable to discern whether or not the decision was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, this matter is REMANDED to the Magistrate Judge for written reasons in support of his finding that "[u]nder the circumstances presented, the undersigned finds that Dr. Baker has not waived his right to object to the defendant's discovery." [Doc. 30, p.1] Should the Magistrate Judge's ultimate ruling remain unchanged (*i.e.* plaintiff has not waived his right to object to the defendant's discovery), defendant's may re-urge their alternative argument

contained in this appeal by way of adoption, as well as object to the supplemental findings of the Magistrate Judge, should they find it necessary to do so. Accordingly, the Clerk of Court is hereby INSTRUCTED to terminate the pending Appeal. [Doc. 31]

THUS DONE AND SIGNED this __21__ day of July, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

SENT
7-22-10
BY: CYA
TO: CMH / sbv