RECEIVED
JAN 1 0 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DAVID G. BAKER, M.D. | CIVIL ACTION NO. 6:09CV902 |
| VERSUS | JUDGE DOHERTY |
| MONARCH LIFE INSURANCE CO | MAGISTRATE JUDGE HILL |

## RULING

Currently pending before this Court is a Motion for Summary Judgment filed by defendant, Monarch Life Insurance Company ("Monarch"), seeking dismissal of all claims asserted against it by plaintiff. [Doc. 64] In its motion, defendant argues plaintiff is not entitled to "total disability" benefits pursuant to the insurance policies issued by Monarch to plaintiff, because plaintiff "has continued to do at least some of the substantial and material duties of his pre-August 8, 2008 occupation," and thus, plaintiff is not "totally disabled."[1][Id. at 2]

The Court finds there exists an issue of material fact as to whether or not plaintiff's "regular occupation" at the time total disability started was that of an "invasive cardiologist," or that of a "non-invasive cardiologist."[2] While defendant argues plaintiff's "procedure records show that the *majority* of his pre-claim work consisted of non-invasive procedures that he is performing to this day" [Doc. 70-1, p.5 (emphasis in original)], the Court finds defendant's analysis of those

---

[1] Defendant notes that although plaintiff might be considered partially disabled pursuant to the policy, plaintiff in this matter has "stipulated and agreed . . . [that his] **only claim** in this case is for permanent total disability from his 'own occupation', and that he will not seek or accept a judgment awarding partial or temporary disability under the policy." [*See e.g.* Doc. 30, p.4]

[2] Total disability is defined in the policy as the inability "to do the substantial and material duties of your regular occupation." [*See e.g.* Policy No. 2038081, p.3] "Regular occupation" is defined as "your usual work when total disability starts." [Id.]

"procedure records" is not sufficiently specific, such that this Court can make a determination as to what constituted plaintiff's "usual work" at the commencement of his disability.[3]

Defendant additionally moves this Court to dismiss plaintiff's claim for penalties and attorney's fees pursuant to La. R.S. 22:1821 and La. R.S. 22:1973, arguing as a matter of law, defendant did not engage in arbitrary and capricious conduct in the denial of plaintiff's claim for disability benefits. The Court finds the more prudent course of action is to deny the motion at this time as premature. However, the Court notes, from what is presently before it, it is inclined to dismiss this claim, and it will certainly entertain a motion by defendant for a judgment as a matter of law, after all evidence has been heard.

For the foregoing reasons, the defendant's Motion for Summary Judgment is hereby DENIED in its entirety.

---

[3]Defendant's support their argument with a chart of various dates and monetary amounts, created by Dr. Betjemann, defendant's "medical director." Dr. Betjemann's analysis of his chart is stated as follows:

> I tabulated 2 years 4 months of productivity identifying those things which would be considered invasive cardiology and those which would not. It appears that invasive cardiology made up a small percentage of his total work, anywhere from 2 to 32% of his total work and in general a lower percentage in 2007 than 2006 and also lower in 2008 compared to 2007.

[Doc. 65-8, p.33] Defendant additionally argues because plaintiff stated on his claim form that pre-disability, "he spent 20-40 hours per week performing invasive procedures and 20 hours per week treating cardiology patients at the hospital and in his office," therefore, "[b]y his own admission, treating cardiology patients was a substantial and material duty of Baker's occupation." [Doc. 70-1, p. 5]

The foregoing statements are too vague and ambiguous to be helpful to the Court in determining the motion before it. Furthermore, as no foundation has been laid, the various numbers and percentages bandied about by defendant have little meaning for this Court. For example, this Court is unaware of whether or not the treatment of cardiology patients at a hospital or office is considered a "substantial and material" duty of invasive cardiology, as opposed to, for example, an incidental duty of invasive cardiology. However, were this Court to find plaintiff was indeed an invasive cardiologist at the onset of his disability, it would certainly seem that the ability to perform invasive procedures would be a "material" duty of the occupation of invasive cardiology.

Finally, the Court notes defendant has filed a motion to strike, in connection with the pending motion for summary judgment. [Doc. 71] More specifically, defendant moves this Court to "strike the Drake Declaration [submitted by plaintiff in support of his opposition to defendant's motion for summary judgment] in its entirety or, in the alternative, that it decline to consider the objectionable statements identified above. The motion is GRANTED IN PART and DENIED IN PART: the motion is denied to the extent it asks this Court to strike the declaration; it is granted to the extent that it moves the Court to decline to consider the declaration.[4]

THUS DONE AND SIGNED in Lafayette, Louisiana, this __10__ day of January, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes the Declaration played no part in its determination of the motion for summary judgment.